## Claude Nunley v. The State.

### No. 7699.   Decided June 29, 1923.

**Manufacturing Intoxicating Liquor.—Sufficiency of the Evidence—Circumstantial Evidence.**

Where, upon trial of manufacturing intoxicating liquor, the evidence, although circumstantial, was sufficient to support the judgment, it must be affirmed.

Appeal from the District Court of Floyd. Tried below before the Honorable R. C. Joiner.

Appeal from a conviction of unlawfully manufacturing intoxicating liquor; penalty, two years imprisonment in the penitentiary.

*David Fitzgerald,* and *W. Ona Morton,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

HAWKINS, Judge.—Conviction is for the manufacture of intoxicating liquor containing in excess of one per cent. alcohol, punishment being assessed at two years confinement in the penitentiary.

There are no bills of exception in the record, and the only question presented is the sufficiency of the evidence. We do not deem

it necessary to set it out at any length. Appellant was indicted jointly with W. M. and Fred Large, appellant only being upon trial. The evidence shows that the premises upon which the liquor was claimed to have been manufactured had been leased by one of the Large boys, but that Nunley had been living upon the place with them for some time. A search of the premises was made by the officers and they found in and about the house, barn and other portions of the premises one barrel full of mash, another about half filled, and several empty barrels, tubs, oil cans, pipes, elbows, and copper coils. Some of the pipe bore evidence of having been subjected to heat. In the garden buried was found a ten gallon oak keg containing whisky. The garden had recently been plowed and tomato plants had been set out over where the keg was discovered. Some of the contents of the keg showed by analysis to contain more than thirty-nine per cent. alcohol. It was also in evidence that the various equipment described by the witnesses could be so assembled as to manufacture whisky. A witness testified that on one occasion he went to the house and found a barrel with holes bored in it and a pipe running from these holes into a stove in the house and a pipe running also from the barrel to a sink in the kitchen. It was also shown that appellant on various occasions had bought as much at one time as one hundred pounds of sugar and had bought a quantity of yeast cake at the same time.

The charge of the court and the special charges given at appellant's request appear to have presented the matter in so favorable a light to him no objection was taken thereto.

While the case is one of circumstantial evidence we think there is no question but that it is sufficient to support the verdict, and the judgment is ordered affirmed.

*Affirmed.*

[Rehearing denied October, 1923. Reporter.]